**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MAXWELL T. KLYN,** | ) | **CASE NO. 1:17CR416** |
| | ) | **1:19CV992** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 35. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner Maxwell Klyn raises four grounds for relief in his petition. In his first ground for relief, Klyn asserts that his drug trafficking conviction was improper because it was solely a "local" matter and therefore outside the authority of the federal court system. In passing the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. 91–513, 84 Stat. 1236

1

(codified as amended at 21 U.S.C. § 801 et seq.), known as the Controlled Substances Act, Congress stated:

> A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, *local distribution*, and possession, nonetheless have a substantial and direct effect upon interstate commerce.

21 U.S.C. § 801(3) (emphasis added). There can be no dispute that this Congressional finding regarding interstate commerce has a rational basis. Courts must defer to a Congressional finding that a regulated activity affects interstate commerce if there is a rational basis for such a finding. *Preseault v. ICC*, 494 U.S. 1, 17 (1990); *United States v. McHenry*, 97 F.3d 125 (6th Cir.1996). As the Sixth Circuit has observed, drug trafficking "always implicates interstate commercial concerns." *See United States v. Tucker*, 90 F.3d 1135, 1141 (6th Cir.1996). Accordingly, Klyn's assertion that his statute of conviction somehow exceeds Congressional authority lacks merit.

In his second ground for relief, Klyn generally asserts that his statute of conviction violates his rights because he "has a right to fair notice and due process." Doc. 35 at 5. In his third ground for relief, Klyn seems to assert again that Congress lacked the authority to punish his crime. In his final ground for relief, Klyn asserts "that he was prejudiced by counsel's ignorance of the law, though his performance may have been considered reasonable, if he had been sufficiently trained in the law movants outcome would have been different."

Klyn does not elaborate on any of his final three grounds for relief. He offers no facts, no legal argument, and no lay argument in support of any of them. Accordingly, the Court finds no merit in his unsupported contentions.

For the foregoing reasons, Petitioner Maxwell Klyn's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: January 9, 2020 /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**